IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS HOUSTON DIVISION

| | |
|---|---|
| **OFFSHORE EQUIPMENT LLC,** § § § | |
| Plaintiff, § § | Case No. _____ |
| v. § § | Admiralty Rule 9(h) |
| **HEAVY LIFT VB-10,000,** *in rem*, her § Engines Tackle and apparel, et al., § § | |
| v. § § | |
| **VERSAMARINE LLC, VERSABAR, INC.,** § And **VERSABUILD, LLC,** *in personam*, § § | |
| Defendant. § | |

# COMPLAINT

1.  Offshore Equipment LLC ("Offshore" or "Plaintiff"), by and through its attorneys, Holland & Knight LLP, respectfully submit this complaint against the vessel HEAVY LIFT VB-10,000 (the "VB -10,000" or the "Vessel"), *in rem*, and Versamarine LLC ("Versamarine"), Versabar, Inc. ("Versabar"), and Versabuild (Versabuild"), LLC, *in personam* (collectively the "Defendants") and alleges as follows:

## Jurisdiction

2.  This court has maritime jurisdiction under 28 U.S.C. § 1333. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

## Parties

3. At all relevant times, Plaintiff Offshore was and is a Texas corporation with its principal offices located in at 5110 San Felipe St., Unit 82W, Houston Tx. 77056.

4. At all relevant times, Plaintiff Offshore is the owner of the mobile offshore drilling unit Cecil Provine.

5. Upon information and belief, at all relevant times Defendant Versamarine is and was a foreign corporation with its principal office located in Texas and a registered agent for service of process as follows: Jon E. Khachaturian, 11349 FM 529 Road, Houston, Texas 77041.

6. Versamarine owns and operates the VB-10,000, a special purpose heavy lift vessel.

7. Upon information and belief, at all relevant times Defendant Versabar is and was a foreign corporation with its principal office located in Texas and a registered agent for service of process as follows: Jon E. Khachaturian, 11349 FM 529 Road, Houston, Texas 77041.

8. Upon information and belief, at all relevant times Defendant Versabuild is and was a foreign corporation with its principal office located in Texas and a registered agent for service of process as follows: Phillip S. Rundle, 11903 FM 529 Road, Houston, Texas 77041.

## Background

9. On or about May 9, 2019, the Vessel was moored at a facility on the Sabine River, located at 6830 S 1st Ave., Sabine Pass, Texas 77655 (the "Facility"). Prior to May 9, 2019, weather reports were issued advising of potentially high winds.

10. On or about May 9, 2019, Defendants owned, leased, or otherwise had control over the Facility at which the Vessel was moored.

11. On or about May 9, 2019, as previously reported heavy weather passed through southeast Texas including the facility where the Vessel was moored.

12. Due to the negligence, recklessness, and fault of Defendants, on or about May 9, 2019, the Vessel was not properly moored in sufficient and reasonable manner considering the unique characteristics of the Vessel and forecasted weather.

13. Furthermore, the Defendants' Facility on the Sabine River at which the Vessel was moored was of poor design, not properly maintained, and was unsuitable as a berth for the Vessel. Specifically, the cleats and bollard on at the facility were in disrepair, and were not staunch or suitable for their intended purpose.

14. Furthermore, the Vessel was poorly designed and poorly maintained, and its cleats and mooring lines were not staunch or fit and were not suitable to safely secure the Vessel.

15. As a result of the Defendants' negligence, the poor condition of Defendants' facility, and the poor condition of the Vessel, on May 9, 2019, the Vessel broke free from her moorings and was set adrift on the Sabine River without a crew on board or any means of propulsion.

16. The Vessel continued to drift down river until it allied with the Cecil Provine which was at the time moored securely at its berth on the Sabine River. The allision caused extensive damage to the Cecil Provine. The Vessel also struck and caused significant damage to the U.S. Coast Guard facility and caused significant damage another mobile offshore drilling unit named the PROFESSOR OCEAN CHIEF.

17. This was not the first time the Vessel broke free from its moorings and caused damage to third-party property. The risks associated with this Vessel being prone to sheer forces

that would exceed those of a smaller and lower profile barge or crane were well known to Versamarine, its management and its affiliates.

### Maritime Negligence and Unseaworthiness Claims

18. Plaintiff Offshore repeats and realleges each and every allegation set forth in the proceeding paragraphs as if fully set forth herein.

19. As owner and operators of the Vessel, Defendants had a duty to properly moor and secure the Vessel such as to prevent the Vessel from breaking free from its mooring and ensure those doing so on its behalf of Defendants exercised due care under the circumstances and indeed a level of heighted care due to the propensity of the Vessel to sheer its mooring lines and pull cleats as it had done before on at least one occasion causing similar harm to third parties.

20. Defendants breached this duty by failing to exercise due care in mooring the Vessel. Specifically, Defendants failed to devise and execute a suitable mooring plan for the Vessel. Defendants used insufficient and defective mooring lines and cables in securing the Vessel, and further failed to properly inspect the mooring structure, and secured the Vessel to bits and/or cleats that were defective and out of condition, and otherwise insufficient to hold the Vessel. Defendants failed to have proper mooring equipment installed and operational on the Vessel and failed to have sufficient watch-standing personnel both on the Vessel and ashore.

21. Furthermore, the Vessel was unseaworthy, poorly designed, and poorly maintained in that the Vessel's cleats and mooring lines were not staunch or fit and were not suitable to safely secure the Vessel.

22. As a direct result of Defendants' negligence and the unseaworthiness and poor design of the Vessel, the Vessel broke free from its moorings and allied with the Cecil Provine.

23. As a result of the Vessel's allision with the Cecil Provine, the Cecil Provine sustained extensive damages, including a fractured hull, a dislodged and sunken helipad, multiple impacts and damage to the superstructure, and damage to the deck-plates, catwalks, safety rails, and lifeboats.  Plaintiff further sustained damages, and will incur further damages, related to securing the Cecil Provine after the allision, including necessary towage and emergency response costs and salvage cost to retrieve the sunken helipad.  As a direct result of the allision, Plaintiff sustained damages reasonably estimated to be $5,500,000.00 inclusive of prejudgment interest and costs.

### Related Actions and Security for Offshore's Claims

24. Plaintiff Offshore repeats and realleges each and every allegations set forth in the proceeding paragraphs as if fully set forth herein.

25. An action was commenced against Versamarine, Versabuild and Versabar by the owner of the PROFESSOR OCEAN CHIEF related to the May 9, 2019 allision incident is currently pending in this District. *See Beacon Maritime Inc. v. Heavy Lift VB-10,000 in rem, and Versamarine LLC et al., in personam* 19-cv-00336 (S.D. Al.).  The Vessel had been arrested in that action and security for the Vessel was posted by the Vessel's P&I Club, Skuld.

26. In contemplation of Offshore's claims arising from the above described incident, the Vessel's insurance underwriters also issued to Offshore a Letter Of Undertaking dated August 16, 2019, (the "LOU") as security for Offshore's claims in the amount of $5,500,000 dollars.  A true and correct copy of the LOU is annexed hereto as Exhibit 1.  In return for the LOU, Offshore agreed not to enforce its maritime lien and arrest the Vessel in relation to the claims asserted herein,

with the understanding that the LOU would act as security for Offshore's *in rem* claims in lieu of the Vessel.

27. On September 26, 2019, Offshore commenced an action in the United States District Court for the Southern District of Alabama asserting claims related to above referenced incident against Versamarine *in personam* not covered by the LOU. *See Offshore Equipment LLC, v. Versamarine LLC*, 19-cv-00710 (S.D. Al.) (the "Alabama Action"). In that action, the court issued a writ of attachment against the Vessel pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure. The writ, however, was never served. On October 16, 2019 Offshore agreed to voluntarily dismiss the Alabama Action, without prejudice, and further agreed to pursue both its *in rem* claims against the Vessel and it *in personam* claims against the Defendants in this Honorable Court. In exchange, the Vessel's underwriters provided Offshore with written assurances from its underwrites that the Vessel's Hull insurance policy will cover the alleged liability for Offshore's *in personam* claims, and further agreed to the adjudication of both the *in rem* claims against the VB-10,000 and Offshore's *in personam* claims in this Honorable Court. A true and correct copy of the letter dated October 16, 2019, is annexed hereto as Exhibit 2.

### Prayer for Relief

Wherefore, premises considered, Plaintiff prays:

1. That this Court enter judgement against the Defendants Versamarine, Versabar, and Versabuild on Plaintiff's maritime tort claim in the amount of $5,500,000.00;

     2.     That this Court grant Plaintiff such other and further relief which it may deem just and proper.

Dated: November 1, 2019

                                                                                              Respectfully Submitted,

                                                                                          */s/ James H. Power*  
                                                                                          James H. Power  
                                                                                          State Bar no. 24026397  
                                                                                          Federal I.D. No. 433050  
                                                                                          HOLLAND & KNIGHT LLP  
                                                                                          1100 Louisiana Street Suite 4300  
                                                                                          Houston, Tx 77002

                                                                                                -and-

                                                                                          31 West 52nd Street  
                                                                                          New York, NY 10019  
                                                                                          Telephone: 212-513-3494  
                                                                                          Facsimile: 212-341-7240  
                                                                                          Email: james.power@hklaw.com

                                                                                          *Attorney for Plaintiff Offshore Equipment LLC*

*Of Counsel*  
Gregg S. Garrison  
Texas State Bar no. 00787520  
GARRISON LAW CORPORATION  
1221 State Street Suite 12 #91510  
Santa Barbara, California 93101-2699  
Phone: 650-726-111  
Facimile: 805-669-3168  
Email: gsgarrison@garrisonlawcorp.com